Eastern Dist.
June, 1836.

HARMAN ET AL.
vs.
M'CAWLEY.

---

HARMAN ET AL. *vs.* M'CAWLEY.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

An emancipation of a minor under the provisions of the act of 1829, gives to him all the power over his property and rights, which appertains to persons of full age.

Whether the minor is domiciled in the parish where the property inherited by him is situated, or in a foreign country, the Court of Probates of the place where the inheritance lies, must appoint a tutor to administer it.

This case comes up on an appeal from a judgment of the Probate Court, rendered on a rule taken by the plaintiffs, to compel the defendant to comply with the conditions of the

sale of a lot of ground in New-Orleans, purchased by the latter, at the sale of the estate of the late Thomas L. Harman.

The defendant admitted the purchase, but averred that the sale was illegal and irregular, because the property belongs to the minor heirs of Thomas L. Harman, deceased, who reside in England, and the appointment of a tutor by the Court of Probates, in New-Orleans, who caused the property to be sold, was illegal ; and that one of the minors was unrepresented by any tutor.

The evidence showed that Thomas L. Harman died several years ago, leaving a large and valuable estate in New-Orleans, where he formerly resided. He left three children, viz: Thomas L. Harman, Thomas S. Harman and Charlotte G. Harman, all minors, who have, ever since his death, resided in England. The eldest son having attained the age of nineteen years, came to New-Orleans, and was emancipated by the first District Court, under the legislative act of 1829. Nathaniel Cox, Esq., of New-Orleans, was appointed by the Probate Court here, as tutor to the two younger heirs, who still reside abroad.

The eldest son and heir, and the tutor to the other two heirs, instituted proceedings in the Probate Court for the city and parish of New-Orleans, and obtained a decree for the sale and partition of the ancestor's estate. At the sale which followed, the defendant, became the purchaser of a lot for the sum of six thousand six hundred dollars. He refused to comply with the terms and conditions of the sale, for the reasons set forth in his answer.

The probate judge made the rule absolute, and the defendant appealed.

*Conrad*, for the plaintiffs.

1. The domicil of the minors is in Louisiana. They were born in this state, and this was the domicil of their parents before, at the time of, and after their birth. Their parents continued to retain this domicil up to the time of their death, as is apparent from the declarations of the father, contained in his will, executed only a few months before his death, and

from other circumstances. Here was his principal place of business, and here was situated almost all his property. His temporary absence from the state did not effect a change of his domicil. *Story's Conflict of Laws, No.* 44.

2. Since the death of their father, the legal domicil of the children has continued to be in this state: 1st. Because it is the domicil of their tutor. *Louisiana Code, article* 48. 2d, Because a minor cannot " *ex proprio motu*" change his domicil. *Story's Commentaries, No.* 46.

3. Even supposing the minors to be domiciliated elsewhere, the appointment of a tutor in this state, where all their property is situated, would be regular. *Louisiana Code, article* 1092. *Code of Practice, article* 946. *Berluchaux* vs. *Berluchaux, 7 Louisiana Reports,* 539.

4. As to the second objection. From the time that Francis S. Harman was dispensed with the time prescribed by law, for attaining the age of majority, he ceased *ex vi terminorum* to be a minor, and became, to all intents and purposes a major. The law of 1829, was passed, (like the law of 1827, relative to divorces,) to disembarrass the legislature from the numerous applications, that were constantly pouring in upon them, for dispensations from the age of majority, by statute. Its language is too clear to require or admit of any argument.

*Benjamin,* for the defendant.

1. The domicil of the minors is permanently in England. They should, therefore, have been represented by those guardians and tutors, who are entrusted with the care of their persons and property in England. Those provisions of the law, on which appellees rely, (Louisiana Code, article 289. Code of Practice, article 946,) have reference only to the appointment of tutors to minors, for special purposes, but the policy of the municipal regulations of all civilized countries, evidently contemplates, that the general administration of minors' estates, shall be confided to those guardians who are appointed to them at their domicils.

72

2. The emancipated minor could not act without the intervention of a curator, nor could he take any steps which might affect his real property. Therefore he had no right to bring this action of partition. *La. Code,* 376, 1236. And the act of 1829, authorising their emancipation, does not derogate from the provisions of the code.

*Mathews, J.,* delivered the opinion of the court.

In this case, it appears that Thomas L. Harman and Francis S. Harman, sons and heirs to the estate of their deceased father and mother, instituted proceedings in the court below, for the purpose of obtaining a partition of certain real property, situated in this city, belonging to the successions of their ancestors. The suit was originally brought against N. Cox, as tutor of the sister, and co-heir of the plaintiffs. The tutor appears to have been regularly appointed to that office, by competent authority of this country. Proceedings were had on the application for a partition; (and they appear to us to have been all conducted according to the provisions of our laws on this subject,) which resulted in the probate sale of valuable squares and lots of ground in the faubourg St. Mary, which constituted the largest portion of the successions as above stated; in other words, where the principal estate of the heirs is situated. At this sale the defendant and appellant, M'Cawley, became the purchaser of a lot, which was regularly adjudicated to him, for the sum of six thousand six hundred dollars, payable by instalments, one-sixth of which was to have been paid in cash, and the balance on certain terms of credits, none of which have yet expired. The purchaser refused to make the prompt payment, as required by the conditions of the adjudication; and the present suit was commenced to compel him to fulfil his obligations, incurred by the terms of the sale. His answer contains allegations of the want of legal authority, in two of the parties to the action for a partition, viz: Francis S. Harman and the tutor of the minor, who is now in England. The objections made to the authority and powers

of these parties to.act, were overruled by the court below, from which the defendant appealed.

It is true, that F. S. Harman, who united with his brother of full age, in the petition for a partition, was under the age of majority; but was some months more than twenty years old, and was regularly emancipated; or rather free from the disabilities established by law, for the protection of minors, and by a judgment of the District Court, rendered in pursuance of the provisions of the act of legislature, passed in eighteen hundred and twenty-nine, relating to the emancipation of minors above the age of nineteen years. See *Session Acts of* 1829, *page* 24. An emancipation thus obtained, gives to the minor all the powers over his property and rights, which appertain to a person of full age; consequently the articles of the Louisiana Code, cited by the counsel, for the appellant, in relation to this branch of the cause, are not applicable.

The advocates of the plaintiffs have labored much in their brief of argument, to show that the real domicil of the minor, to whom a tutor was appointed, is in this parish; this is perhaps true, according to the provisions of our laws. This question, however, need not be settled, for the minor was domiciled either in New-Orleans, or out of the state; and in either hypothesis, the Court of Probates here had authority to appoint a tutor to administer her inheritance, this being the place where her principal estate is situated. In support of this proposition, see Louisiana Code, article 298. This provision of law must govern this case, according to the decision of that of Berluchaux *vs.* Berluchaux and others, reported in 7 Louisiana Reports, 539 and 545, as it does not appear that the minor has any guardian or tutor regularly appointed in England, admitting that country to be the place of her domicil. The article 946 of the Code of Practice, so far from militating against this doctrine, is calculated to support it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be affirmed with costs.

*Margin notes:*

Eastern Dist.
June, 1836.

HARMAN ET AL.
*vs.*
M'CAWLEY.

An emancipation of a minor, under the provisions of the act of 1829, gives to him all the powers over his property and rights, which appertain to persons of full age.

Whether the minor is domiciled in the parish where the property inherited by him is situated, or in a foreign country, the Court of Probates of the place where the inheritance lies, must appoint a tutor to administer it.